UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JEANNETTE GONZALEZ-REYES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-10-78 |
| | § | CRIMINAL CASE NO. L-08-1503-2 |
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Jeanette Gonzalez Reyes' Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody (Dkt. No. 1). The Court has carefully reviewed all pertinent matters in this case. Based on this review and the application of governing legal authorities, the Court **DISMISSES** Petitioner's motion.

**I.   DISCUSSION**

Petitioner's motion under 28 U.S.C. §2255 is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Before the AEDPA, criminal defendants could file motions attacking their conviction and sentence under 28 U.S.C. § 2255 at any time. After the AEDPA, by contrast, movants under § 2255 are subject to a one-year limitations period. 28 U.S.C. § 2255.

In this case, the one-year statute of limitations began to run on the date Petitioner's conviction in the underlying criminal case became final. That

conviction became final on February 12, 2009 (ten days, excluding weekends, after judgment was entered on January 29, 2009).  On July 6, 2010, more than one year after her conviction became final, Petitioner filed this 2255 petition. Absent tolling, Petitioner's claim is barred by limitations.

The statute of limitations in §2255 may be "equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999)).  Although Petitioner did not explicitly raise the issue of equitable tolling, her *pro se* pleadings are entitled to liberal construction. *See Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  In light of her *pro se* status, the Court will consider whether equitable tolling is warranted.

Equitable tolling is an extraordinary remedy that is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Thus, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d at 407 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In other words, "[a] garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  The Fifth Circuit has held that, for equitable tolling to apply in the post-conviction context, the applicant must "diligently pursue" relief because "equity is not

intended for those who sleep on their rights." *Id.* at 403; *see also Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999) (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989)), *cert. denied*, 531 U.S. 1164 (2001). The party seeking the benefit of equitable tolling bears the burden to show that the doctrine applies. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner claims that the statute of limitations should not bar her claim because she is ignorant of the law. Although petition is incarcerated and is proceeding without counsel, her ignorance of the law does not excuse her failure to timely file a § 2255 motion and is not grounds for equitable tolling. *See Fisher,* 174 F.3d at 714. This is particularly true here, where the defendant is not an inexperienced litigator. In that regard, the Court has already rejected Petitioner's motion seeking a modification of her term of imprisonment under an amendment to the Sentencing Guidelines.[1]

The Court is mindful of the effect a dismissal will have on Petitioner's ability to have her claims heard. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). However, Petitioner's circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules Congress has provided. *See id.* The Court concludes therefore that equitable tolling will not save Petitioner's late-filed

---

[1] Petitioner filed a motion to reduce her sentence pursuant to 18 U.S.C. 3582 on June 10, 2010 and same was denied on June 24, 2010.

claims, and that her § 2255 motion is barred by the applicable one-year limitations period.

## II    CONCLUSION

For the foregoing reasons, Petitioner's motion is DISMISSED with prejudice. Should Petitioner seek a certificate of appealability, same is DENIED.

IT IS SO ORDERED.

DONE at Laredo, Texas this 3rd day of August, 2010.

_____
Micaela Alvarez
United States District Judge